# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:05-CR-728 CAS |
| GRANT HARTWIG, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the verbal request of defendant's counsel to correct judgment and sentence. For the following reasons, the Court will grant defendant's motion to correct judgment and sentence.

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) (citing United States v. McAfee, 832 F.2d 944, 946 (5th Cir. 1987)).

In the judgment issued March 9, 2006, the Court stated in pertinent part: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 10 months. This term shall be comprised of 5 months in the Bureau of Prisons and 5 months in the halfway house." (Judgment of March 9, 2006). Defendant's counsel asserts that the Bureau of Prisons ("BOP") interprets the judgment as meaning that the defendant must serve 10 months in the Bureau of Prisons. The BOP's interpretation is not the intention of the Court. Therefore, the

Court will clarify the sentence in a written form that will allow the Bureau of Prisons to implement defendant's sentence as intended by the Court, but does not modify the sentence previously imposed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's verbal motion to correct judgment and sentence, construed as a motion pursuant to Federal Rule of Criminal Procedure 36 is **GRANTED**.

**IT IS FURTHER ORDERED** that the Judgment of March 9, 2006, is **amended** on page two, as to imprisonment, to read as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 5 months. This term shall be comprised of five months in the custody of the Bureau of Prisons and five months in a Residential Re-Entry Center upon release to a term of supervised release."

**IT IS FURTHER ORDERED** that the Judgment of March 9, 2006 is **amended** on page four to include an additional provision of supervised release terms as follows: "7. The defendant shall reside in and participate in a Community Corrections, Sanctions Center, or Residential Re-Entry Center, approved by the United States Probation Office, but not longer than 5 months upon his release from confinement."

**IT IS FURTHER ORDERED** that the remaining provisions of the Judgment of March 9, 2006 remain in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare an amended judgment in accordance with this Order.

CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2006.

2